{¶ 34} I concur fully in the decision and judgment of the lead opinion. However, by uniquely criminalizing an assault against a "spouse" and/or a "person living as a spouse" in R.C.2919.25(F)(1)(a)(i), as distinguished from the same assault against any other person in R.C. 2903.13, I believe the legislature has clearly created and recognized "a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage" in direct conflict with the proscriptive language of the Defense of Marriage Amendment.
 {¶ 35} But for the statutory classification of a "person living as a spouse" expressly created in R.C.2919.25(F)(1)(a)(i), the conduct in this case would not constitute the crime of Domestic Violence, the felony offense charged in this case would not exist, and the appellant would not face a prison sentence. Moreover, the intent of the classification is clear on its face; that is to create a unique (and more serious) offense based entirely upon the statutory status of the victim who, like a spouse, is perceived to be more vulnerable precisely because of the marriage-likerelational bond with the perpetrator, which provides greater access to the victim and/or susceptibility to multiple incidents of abuse. In this circumstance the classification of a "person living as a spouse" is expressly created by R.C.2919.25(F)(1)(a)(i) as an alternative "legal status for relationships of unmarried individuals" and is undeniably intended to "approximate the design, qualities, significance or effect" of being a spouse of (i.e. in a marriage with) the perpetrator.
 {¶ 36} In sum, I believe the exclusive focus by some, only upon whether tangible benefits have been conferred with a statutory classification in determining the existence of a "legal status" represents an incomplete analysis. In my view, the fact that a new felony/criminal legal liability has been created as the sole result of conduct toward someone the legislature has classified as "living as a spouse" is an equally important consideration in ascertaining the creation and existence of a "legal status."
 {¶ 37} For these reasons, and the reasons stated in the lead opinion, I believe the language and intent of the "living as spouse" provision of R.C. 2919.25(F)(1)(a)(i) constitutes the creation and recognition of a legal status by the state which is clearly incompatible with the broad and expressly worded proscription on state conduct set forth in the second sentence of the Defense of Marriage Amendment to the Ohio Constitution.